UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NORMAN GARAND | |
| Plaintiff, | 3:10-cv-0212-LRH-VPC |
| v. | |
| J.P. MORGAN CHASE BANK, N.A.; et al., | ORDER |
| Defendants. | |

Before the court is plaintiff Norman Garand's ("Garand") objection to defendants' petition of removal filed on May 18, 2010. Doc. #13.[1] Defendants filed a response on May 27, 2010. Doc. #17.

**I.  Facts and Background**

Garand purchased real property through a loan. The property was secured by a note and deed of trust. Garand defaulted on the loan and defendants initiated non-judicial foreclosure proceedings.

Subsequently, Garand filed a complaint against defendants in state court. Doc. #1, Exhibit 1. Defendants removed the action to federal court on the basis of diversity jurisdiction. Doc. #1. Thereafter, Garand filed the present objection to removal which the court will construe as

---

[1] Refers to the court's docketing number.

a motion to remand. Doc. #13.

**II.     Legal Standard**

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1447(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

**III.    Discussion**

   **A. Diversity Jurisdiction**

An action based on diversity jurisdiction is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b). Here, Garand argues that properly joined defendant Recontrust Company ("Recontrust") is a non-diverse Nevada defendant defeating diversity jurisdiction. *See* Doc. #13.

However, at the time Garand filed his complaint against defendants in March 2010, Recontrust as a Nevada corporation ceased to exist. Pursuant to NRS 92A.250, when corporations are merged, all previous entities cease to exist and only the newly merged entity survives. NRS 92A.250(1)(a).  Here, prior to the filing of the complaint, Recontrust was purchased by Bank of America, N.A. and became a wholly owned subsidiary that was merged into Recontrust Company, N.A. ("Recontrust N.A."), a national banking association. *See* Doc. #17, Exhibit B,

2

Articles of Merger. Thus, as of November 19, 2008, Recontrust N.A. was the only existing entity.

When a civil action is filed after a merger takes place, the surviving entity's domicile is determinative of jurisdiction. *See e.g. Meadows v. Bicrodyne Corporation*, 785 F.2d 670, 672 (9th Cir. 1986); *see also, Hoefferle Truck Sales, Inc. v. DivcoWayne*, 523 F.2d 548-49 (7th Cir. 1975). For purposes of jurisdiction, a national banking association is domiciled in the state designated in its articles of incorporation as the locus of its main officer. *See Wachovia Bank, National Assoc. v. Schmidt*, 546 U.S. 303 (2006); *Lowdermilk v. U.S. Bank National Assoc.*, 479 F.3d 994, 997 (9th Cir. 200&). Here, the locus for Recontrust N.A.'s main office is Texas. *See* Doc. #17, Exhibit D. Thus, Recontrust N.A. is domiciled in Texas and is a diverse defendant supporting complete diversity. Accordingly the court finds that removal was appropriate.

IT IS THEREFORE ORDERED that plaintiff's objection to removal (Doc. #13) is DENIED.

IT IS SO ORDERED.

DATED this 1st day of July, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3