UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

NORMAN GARAND,

    Plaintiff,

v.

J.P. MORGAN CHASE BANK, N.A.; et al.,

    Defendants.

3:10-cv-0212-LRH-VPC

ORDER

      Before the court is defendant Recontrust Company, N.A.'s ("Recontrust") motion to dismiss filed on June 15, 2010 to which defendant Mortgage Electronic Registration Systems Inc. ("MERS") joined. Doc. #18.[1] Plaintiff Norman Garand ("Garand") filed an opposition (Doc. #21) to which Recontrust replied (Doc. #23).

**I.    Facts and Background**

      In October 2003, Garand purchased real property through loans with non-party Mylor Financial. The property was secured by a first and second deed of trust. Later, in 2005, Garand refinanced one of the loans for improvements on the property. The third loan was secured by a third deed of trust which was recorded on February 25, 2005. The third deed of trust lists defendant Recontrust as the trustee and defendant MERS as a beneficiary.

---

[1] Refers to the court's docketing number.

Subsequently, on January 23, 2007, Garand again refinanced his loans through defendant WAMU Bank, F.A. ("WAMU"). Both loans were secured by new deeds of trust; the fourth and fifth deeds of trust respectively. Neither Recontrust nor MERS were listed in the fourth and fifth deeds of trust. Recontrust recorded a Substitution of Trustee and Full Reconveyance to the new trustee Executive Trustee Services, LLC ("ETS") on February 12, 2007.

Garand eventually defaulted on his refinanced loans and ETS initiated non-judicial foreclosure proceedings. On March 8, 2010, Garand filed a complaint against defendants alleging eight causes of action: (1) violation of NRS 106.260; (2) violation of NRS 106.270; (3) violation of NRS 106.290; (4) violation of NRS 107.073; (5) violation of NRS 107.077; (6) violation of NRS 107.080; (7) violation of NRS 107.085; and (8) unjust enrichment. Doc. #1, Exhibit 1.[2]

Thereafter, Recontrust filed the present motion to dismiss to which MERS joined. Doc. #18.

**II.     Legal Standard**

In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). However, a court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in a plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

There is a strong presumption against dismissing an action for failure to state a claim. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other*

---

[2] Garand alleges only five causes of action against Recontrust and MERS: (1) claim one for violation of NRS 106.260; (2) claim two for violation of NRS 106.270; (3) claim three for violation of NRS 106.290; (4) claim four for violation of NRS 107.073; and (5) claim five for violation of NRS 107.077. Doc. #1, Exhibit 1.

2

*grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). However, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels, conclusions, and a formulaic recitation of the elements of the cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted).

### III.    Discussion

A complaint is subject to dismissal for failure to state a claim if the allegations in the complaint show that relief is barred by the applicable statute of limitations. *Jones v. Bock*, 549 U.S. 199, 215 (2007). Statutory violations of Nevada law are subject to a three year statute of limitations. *See* NRS 11.190(3)(a).

Here, Garand alleges that defendants violated the recording statutes when Recontrust and MERS improperly recorded the Substitution of Trustee on February 12, 2007. However, Garand did not file his complaint until March 8, 2010, after the three year statute of limitations had run. Thus, the causes of action against Recontrust and MERS are time-barred and the court shall grant Recontrust's motion to dismiss.

IT IS THEREFORE ORDERED that Recontrust's motion to dismiss (Doc. #18) to which MERS joined (Doc. #29) is GRANTED. Defendants Recontrust Company, N.A. and Mortgage Electronic Registration Systems Inc. are DISMISSED as defendants.

IT IS SO ORDERED.

DATED this 9th day of September, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3