1

2

3

4

5

6                         UNITED STATES DISTRICT COURT

7                             DISTRICT OF NEVADA

8                                     * * *
                                        )
9    NORMAN GARAND                      )
                                        )
10                     Plaintiff,       )              3:10-cv-0212-LRH-VPC
                                        )
11   v.                                 )
                                        )              ORDER
12   J.P. MORGAN CHASE BANK, N.A.; et al., )
                                        )
13                     Defendants.      )
     _____)

14

15        Before the court are defendants J.P. Morgan Chase Bank, N.A. ("JP Morgan"), as receiver

16   and acquirer of certain assets and liabilities of defendant WAMU Bank, F.A. ("WAMU"), and

17   California Reconveyance Company's ("CRC") (collectively "moving defendants") motion for

18   summary judgment (Doc. #81)[1] and motion to expunge lis pendens (Doc. #82).

19        Also before the court is plaintiff Norman Garand's ("Garand") cross-motion for summary

20   judgment. Doc. #83.

21   **I.      Facts and Background**

22        In October 2003, Garand purchased real property through loans with non-party Mylor

23   Financial. The property was secured by a first and second deed of trust. Later, in 2005, Garand

24   refinanced one of the loans for improvements on the property. The third loan was secured by a third

25

26   _____
              [1] Refers to the court's docketing number.

1  deed of trust which was recorded on February 25, 2005.

2  Subsequently, on January 23, 2007, Garand again refinanced his loans through defendant

3  WAMU. Both loans were secured by new deeds of trust; the fourth and fifth deeds of trust

4  respectively. Defendant CRC was listed as the trustee under both deeds of trust.  After the loans

5  were issued, WAMU went into receivership with the Federal Deposit Insurance Corporation

6  ("FDIC"). Defendant JP Morgan purchased certain assets and liabilities of WAMU including the

7  right to act as loan servicer over the underlying mortgage notes.

8  Garand eventually defaulted on his refinanced loans and defendants initiated non-judicial

9  foreclosure proceedings. On March 8, 2010, Garand filed a complaint against defendants alleging

10  eight causes of action: (1) violation of NRS 106.260; (2) violation of NRS 106.270; (3) violation of

11  NRS 106.290; (4) violation of NRS 107.073; (5) violation of NRS 107.077; (6) violation of

12  NRS 107.080; (7) violation of NRS 107.085; and (8) unjust enrichment. Doc. #1, Exhibit 1.

13  Thereafter, the parties filed the present motions for summary judgment. Doc. ##81, 83.[2]

14  **II.    Legal Standard**

15  Summary judgment is appropriate only when "the pleadings, depositions, answers to

16  interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

17  genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

18  law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together

19  with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable

20  to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

21  587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

22  The moving party bears the burden of informing the court of the basis for its motion, along

23  with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*,

24

25  [2] Garand alleges only three causes of action against JP Morgan and CRC: (1) claim six for violation of NRS 107.080; (2) claim seven for violation of NRS 107.085; and (3) claim eight for unjust enrichment.

26  Doc. #1, Exhibit 1. Therefore, the court shall only address these claims.

1   477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party

2   must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could

3   find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259

4   (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

5         To successfully rebut a motion for summary judgment, the non-moving party must point to

6   facts supported by the record which demonstrate a genuine issue of material fact. *Reese v.*

7   *Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might

8   affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

9   242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary

10  judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding

11  a material fact is considered genuine "if the evidence is such that a reasonable jury could return a

12  verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla

13  of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute;

14  there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

15        Where, as here, parties filed cross-motions for summary judgment on the same claims

16  before the court, the court must consider each party's motion separately and on its own merits.

17  *Fair Hous. Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir.

18  2001) (citations omitted). Accordingly, "the court must consider the appropriate evidentiary

19  material identified and submitted in support of both motions, and opposition to both motions,

20  before ruling on each of them." *Id.* at 1134.

21  **III.   Discussion**

22       **A.  NRS 107.080**

23        Garand alleges that moving defendants violated NRS 107.080 for two reasons. First, Garand

24  argues that defendant CRC did not have standing to file the underlying notices of default. Second,

25  Garand argues that the notice of default did not include the mandatory mortgage mediation

26                                              3

1    information as required under NRS 107.086.

2        As to Garand's argument that CRC lacks standing to file the notices of default, the court

3    finds that his claim is without merit. Under Nevada law, a trustee under a deed of trust can initiate a

4    non-judicial foreclosure and record a notice of default. *See* NRS 107.080(4). Therefore, the court

5    finds as a matter of law that CRC had standing to file the underlying notices of default.

6        As to Garand's argument that the notices of default did not comply with NRS 107.086, the

7    court likewise finds that his claim is without merit. The applicable provisions of NRS 107.086 only

8    apply to "owner-occupied housing." *See* NRS 107.086(1).

9        Here, it is undisputed that Garand did not live at the property in question and instead, used

10   it as rental property. Thus, the underlying notices of default did not have to comply with the

11   requirements of NRS 107.086 as a matter of law because the property was not "owner-occupied

12   housing." Accordingly, the court shall grant moving defendants' motion as to this issue.

13       **B.  NRS 107.085**

14       Garand also alleges that moving defendants violated NRS 107.085 by failing to comply

15   with all applicable subsections including identification of the lender and holder of the note. The

16   court finds that Garand's claim is without merit. First, the applicable provisions of NRS 107.085

17   only apply to "owner-occupied housing." *See* NRS 107.085(1)(b). Here, it is undisputed that

18   Garand did not live at the property in question and instead, used it as rental property. Thus, the

19   underlying notices of default did not have to comply with the requirements of NRS 107.085 as a

20   matter of law because the property was not "owner-occupied housing."

21       Further, under Nevada law there is no requirement that a trustee identify the holder of the

22   note, only the lender which has already been identified as WAMU. *See* NRS 107.085. Further,

23   under Nevada law there is no holder in due course requirement for a trustee to initiate a non-

24   judicial foreclosure. *See* NRS 107.080. Accordingly, the court shall grant moving defendants'

25   motion as to this issue.

26                                    4

**C.  Unjust Enrichment**

To set forth a claim for unjust enrichment, a plaintiff must allege that a defendant unjustly retained money or property of another against fundamental principles of equity. *See Asphalt Prods. Corp. v. All Star Ready Mix*, 898 P.2d 699, 700 (Nev. 1995). However, an action for unjust enrichment cannot stand when there is an express written contract which guides the activities of the parties. *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997).

Here, there was a written contract between Garand and WAMU, namely, the deed of trust, which identified defendant CRC as the trustee, and the mortgage note. These documents guide the interactions, obligations, and rights of the parties. As such, Garand cannot make a claim in equity for actions that are guided by a contract to which he is a party. *See LeasePartners Corp.*, 942 P.2d at 187-88.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment (Doc. #81) and motion to expunge lis pendens (Doc. #82) are GRANTED. Defendants J.P. Morgan Chase Bank, N.A.; and California Reconveyance Corporation are DISMISSED as defendants in this action. Defendants shall have ten (10) days from entry of this order to file a proposed order expunging lis pendens and submit the same for signature.

IT IS FURTHER ORDERED that plaintiff's cross-motion for summary judgment (Doc. #83) is DENIED.

IT IS SO ORDERED.

DATED this 28th day of June, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE