UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

NORMAN GARAND,

    Plaintiff,

v.

J.P. MORGAN CHASE BANK, N.A.; et al.,

    Defendants.

3:10-cv-0212-LRH-VPC

<u>AMENDED ORDER</u>

Before the court is plaintiff Norman Garand's ("Garand") motion for reconsideration of the court's June 29, 2011 order granting defendants' motions for summary judgment and to expunge lis pendens (Doc. #97[1]). Doc. #99.

**I.   Facts and Background**

In October 2003, Garand purchased real property through loans with non-party Mylor Financial. The property was secured by a first and second deed of trust. Later, in 2005, Garand refinanced one of the loans for improvements on the property. The third loan was secured by a third deed of trust which was recorded on February 25, 2005.

Subsequently, on January 23, 2007, Garand again refinanced his loans through defendant Washington Mutual Bank, F.A. ("WAMU"). Both loans were secured by new deeds of trust; the

---

[1] Refers to the court's docketing number.

fourth and fifth deeds of trust respectively. Defendant California Reconveyance Corporation ("CRC") was listed as the trustee under both deeds of trust.  After the loans were issued, WAMU went into receivership with the Federal Deposit Insurance Corporation ("FDIC"). Defendant J.P. Morgan Chase Bank, N.A. ("JP Morgan") purchased certain assets and liabilities of WAMU including the right to act as loan servicer over the underlying mortgage notes.

Garand eventually defaulted on his refinanced loans and defendants initiated non-judicial foreclosure proceedings. On March 8, 2010, Garand filed a complaint against defendants alleging eight causes of action: (1) violation of NRS 106.260; (2) violation of NRS 106.270; (3) violation of NRS 106.290; (4) violation of NRS 107.073; (5) violation of NRS 107.077; (6) violation of NRS 107.080; (7) violation of NRS 107.085; and (8) unjust enrichment. Doc. #1, Exhibit 1.

In response, defendants filed a motion for summary judgment (Doc. #81) and a motion to expunge lis pendens (Doc. #83) which were granted by the court (Doc. #97). Thereafter, Garand filed the present motion for reconsideration. Doc. #99.

## II.   Discussion

Garand brings his motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). A motion under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estaet of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). Rule 59(e) provides that a district court may reconsider a prior order where the court is presented with newly discovered evidence, an intervening change of controlling law, manifest injustice, or where the prior order was clearly erroneous. FED. R. CIV. P. 59(e); *see also United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In his motion, Garand contends that the court erred in granting defendants' motions because the deed of trust did not allow for the trustee to record the notice of default. *See* Doc. #99.

The court has reviewed the documents and pleadings on file in this matter and finds that

reconsideration of the court's June 29, 2011 order is not warranted. Garand's sole basis for reconsideration is the assumption that the deed of trust did not allow for defendant CRC to record the underlying notice of default, and therefore, the entire non-judicial foreclosure was improper. However, the power to record a notice of default and initiate non-judicial foreclosure proceedings is granted to a trustee by statute. *See* NRS 107.080(4). Thus, CRC was within its statutorily created power when it recorded the underlying notice of default even if it didn't have that right under the loan agreement. Therefore, the court finds that Garand's motion for reconsideration is without merit and shall deny the motion accordingly.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. #99) is DENIED.

IT IS SO ORDERED.

DATED this 26th day of August, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3